D. Vt.
22-cv-217
Sessions, J.

# United States Court of Appeals
FOR THE
SECOND CIRCUIT

_____

      At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of November, two thousand twenty-three.

Present:      Michael H. Park,
               *Circuit Judge*.

_____

Baboucar B. Taal,

               *Plaintiff-Appellant*,

         v.                               **ORDER**
                                      Docket No. 23-1012

John Cronin, et al.,

               *Defendants-Appellees*.

_____

Appellant, pro se, moves for in forma pauperis ("IFP") status and appointment of counsel. The district court must rule on Appellant's IFP status before the Court of Appeals can address his motion. *See* Fed. R. App. P. 24(a)(1), (5).

IT IS HEREBY ORDERED that Appellant's motion is held in abeyance in this Court. The Clerk of Court is directed to transfer the IFP motion to the district court for a determination of IFP status. Upon receipt of the district court's determination, this Court will address Appellant's motion.

                        For the Court:
                        Catherine O'Hagan Wolfe,
                        Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

MOTION INFORMATION STATEMENT

Docket Number(s): **23-1012**   Caption [use short title]

Motion for: **Appointment of Counsel provided in 28 U.S.C. Sub 1915(e)**

**Babakar Taal**
appellant

**John v Cronin et al**

Set forth below precise, complete statement of relief sought:

**Appellant here seek a Request fo the appointment of Counsel to assist represent in this forum/Appeal within a 2nd Cr Appeals Court consistent and for "Situations a pro se liligant may face Substantial problems in development resolution of a Complex issues of factual record that is needed for case that poses**

MOVING PARTY:   OPPOSING PARTY:

[✓] Plaintiff          [ ] Defendant

[✓] Appellant/Petitioner   [ ] Appellee/Respondent

MOVING ATTORNEY:          OPPOSING ATTORNEY:

[name of attorney, with firm, address, phone number and e-mail]

Court- Judge/ Agency appealed from: **District J. Sessions of D State of Vermont**

Please check appropriate boxes:

Has movant notified opposing counsel (required by Local Rule 27.1):
[✓] Yes [ ] No (explain):

Opposing counsel's position on motion:
[ ] Unopposed [ ] Opposed [✓] Don't Know
Does opposing counsel intend to file a response:
[ ] Yes [ ] No [✓] Don't Know

FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:
Has this request for relief been made below? [ ] Yes [ ] No
Has this relief been previously sought in this court? [ ] Yes [ ] No
Requested return date and explanation of emergency:

Is oral argument on motion requested? [ ] Yes [✓] No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set? [ ] Yes [✓] No If yes, enter date:

**Signature of Moving Attorney:**
**Babucan Taal** Date: **6/30/23** Service by: [ ] CM/ECF [✓] Other [Attach proof of service]

Form T-1080 (rev.12-13)

# UNITED STATE COURT OF APPEALS
## FOR THE SECOND CIRCUIT

| | | |
|---|---|---|
| **BABOUCAR TAAL** | ) | Case No._____ |
|               **Appellant,** | ) | |
| | ) | |
|        **vs.** | ) | |
| | ) | |
| **JOHN CRONIN,** | ) | |
| **CRONIN, BISSON & ZALINSKY, P.C.** | ) | |
| **DANETTE LABRECQUE** | ) | |
| **NATHAN LABRECQUE** | ) | |
| **VALERIE RAUDONIS,** | ) | |
| **DAVID TENCZA,** | ) | |
| **JACK S. WHITE,** | ) | |
| **WELTS, WHITE & FONTAINE P.C** | ) | |
| **BILL WEIDACHER,** | ) | |
| **KATHLEEN EDWARDS** | ) | |
| *KELLER WILLIAM*-BEDFORD NH Realty | ) | |
|               **Appellees** | ) | |

## APPELLANT IN THE ABOVE CASE HERE SEEKS-REQUEST FOR THE 2nd CIRCUIT COURT WITH DISCRETION, JURISDICTION & CASE LAW DICTATES IN HENDRICK, PER 28 U.S.C. § 1915(e) - IN THE INTEREST OF JUSTICE

1. Appellant in the referenced case here ask the 2nd Circuit Appeals Court for the US District Court of Vermont in the true Interest of Justice, Fairness and Equitable relief provided in the United State Constitutional provision, protection guaranteed to all without regard, for appointment of counsel to assist/represent in our appeal before the court. **Plaintiff paid the filing fee** and **demanded a Jury as the Trier of Facts. The court refuse to adhere for said statutory provision for issues of Facts, best left for a Jury,** clearlyInterests against Justice, partiality-favor to*(see Seal filing)*

### 28 U.S.C. § 1915(1) states

"any court of the United States may <u>authorize the commencement, prosecution or defense of any suit, action or proceeding, civil</u> or criminal, or <u>appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit</u> that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. <u>Such an affidavit shall state the nature of the action, defense or appeal and affiant's</u>

belief that the person is entitled to redress.

2. Notwithstanding the affidavit to accompany this motion appellant
state the following (brief factual verified) summary:

### Summary

While living the his former state of NH, appellant went through a
divorce  and despite ex spouse initial agreement parties eyed and
proceeded to torpedo, undermined and in many instances engage in
outright wanton fraud on the court(interfere with the judicial
machinery that allow for fair disinterested impartial functions of
any United State Tribunal Court process with wanton disregard to
plaintiff's and his children's Rights done and sanction by state
actor Derby.

3. This said state family court judge Derby mocked appellant in open
court and stated he doesn't care if the other side lied in court and
submitted false misleading filings and all the while refused to
provide the amount appellant here will need to seek loan from the 4
banks that agreed to extend a refinance where the property value far
exceed the encumbrances.

4. State actor Derby proceeded with appointing his friend defendant
Cronin to sell my house as both fraudulent scheme to defraud me of
property, then Cronin ``appointed" defendant Weidacher, who invited
his female friend defendant Edwards and the 3 lawyers and their law
firm conspire and colluded each step of the way to include divulge
and disclose the elements of a Sealed Qui tam case about St Mary Bank
(Credit Union). These facts of the case stand on its own as reviewed
and determined to be such but for the US Attorney for state of VT
refusing to Intervene.

5. Three defendants in the underlying case are here
curiously/mysteriously/ "coincidentally" represented by the law firm
of the main defendant/respondent is the (ex) Chairman of the same
bank-Credit union. Upon filing and serving parties to the suit two of
the law firm Welt et al refused to accept service despite being aware
of the suit for it was accepted by their law firms but failed and
refused to file an answer but that very answer/filing may subject
them to perjury charges. The court upon Notice of said statutory
default and for the Clerk to enter it as such he refused and Ignored.

6. The other defendants with their lawyers made false, misleading &
and perjury filing in their Certification of Service which they Never
effected/served on me and or emailed. Their combined said filing

however it was done I never received even the ECF filing Notification that I repeatedly contacted the Clerk's Office to inquire of the accepted filing by defendants and was never given an correct answer response. and another curious fact dealing with putting a false on the federal court website to again falsely claim that they send the "missing filing" to a fictitious address I don't own nor ever did. They had my email address for the prior 2 years) that wantonly depriving appellant due process. The same patterns of corruption and fraudulency at the state courts with state actor Derby.

7. This was also reminiscent of the underlying case in the state of NH where I used to live. The attorneys Tencza and White kept the then attorney general abreast in ways that undermine the confidence citizens of all races…must have in our justice system in any/all United States tribunal. Their failure to subject themselves to a US federal court wasn't an option but rather they had chosen to default yet here the district gravely abused his discretion exceeding the scope of his authority to grant them a waiver/pardon thus "with favor and fear" of others.

8. Appellant still have the responsibility to prove his case with the "preponderance of the evidence" in this civil case as this motion is in tandem with and appeal for deprivation and denial by federal J Sessions and upon Reversal and the actual trial preceded by requisite discovery provided in safeguards in FRCivP and upon case tried parties have 'Appeal as a Right'

9. Appellant here posit one of the most egregious aspect of the federal courts failure and claims of "failure to state a claim" is basic recovery the black the white & other to recover not just property but the wantonness of the fraud where they stole me and my children home sold it to their chosen buyer for half the price in the ongoing conspiracy and fraud to flip it as they are belief to be considering. The Labreques tried 5+ financial entities who turned them down and the money I believed were again mysteriously raised by the other defendants just so they could perfect their artifice to defraud.

10. Defendant Cronin claimed to have netted $305,000, the attorneys and Welt, White et al have gone back to state actor Derby countless times ex parte and curiously after our case was filed at the VT Federal District Court seeking judicial relief for knowing-wilful violations of rights defrauding of property stated that they now have a check balance of $27,000 for us. So they have knowingly-wilfully stolen along with other defendants well over **$110,000.**

11. The very US Supreme recent holding in Tyler v. Hennepin County, Minnesota et al the court flouted and ignored with his not just the most extreme "sanction"/ruling of dismissal but to pre-Deny any-all possible legally allowed Amended Complaint. His reasoning can be found in court's contacts with persons and situations dealing with St Mary Bank. Provisions of the Court's review in Hendrick are uncannily similarly situated and stare decisis.

12. We were not only being denied and deprived of a Right, in a pattern defined and described in complaint and ongoing with examples just as in(NH)state case where they made repeated false filings, here of false "Certification", they never made, intended to at federal court, filed a motion to strike off the record, sought a hearing as provided in law and rules, refused to j Sessions ignored, usurped then turn around and blamed me for not objecting what I wasn't served as he failed to timely rule on my very motions, allowed to take depositions to prevent the continued collusion and conspiracy.

13. The court also claimed that plaintiff's didn't object to the Motion to Dismiss I didn't received and he had waited 4 months and that many months are now against me when i waited for the very rulings, and that I didn't object to what I didn't receive despite the false misleading 'fraud on the court", perjury statements defendants filed. The court did Not want to find against the parties identified as having interest contrary to Justice in the Seal filing of matters that the very CJ of the VT District Court found credible, factual and yet illegal by the state chartered credit union whose officers and their continued conduct are described thus.

### FEDERAL STATUTE AND CASE LAW IN SUPPORT

14. Appellant having taken the time to seek redress where his and his children's rights were wantonly violated and his property subjected to fraud yet fed j Sessions foreclose and sense of recovery coupled with mockery is itself a violation of judicial codes of ethics of parties appearing before and/in a federal court. "The **right of individuals** to **pursue legal redress** for claims which **have a reasonable basis in law and fact is protected** by the **First and Fourteenth Amendments**. Bill Johnson's Restaurants, Inc. v. NLRB, 461 U.S. 731, 741, 103 S.Ct. 2161, 2169, 76 L.Ed.2d 277 (1983) Bell v. City of Milwaukee, 746 F.2d 1205, 1261 (7th Cir.1984).

15. In the evidence of 'Fraud on the Court' **"an inquiring court** [must] set aside …decisions… if those decisions are **'arbitrary capricious, abuse of discretion, or otherwise not in accordance with law,"** 5 U.S.C. §706(2)(A), or **"unsupported by substantial** evidence in the record" id §706(2)(E).

16. The 10th Cir. Court of Appeals describes "**Fraud on the court**" In Bulloch v. United States, 763 F.2d 1115, 1121 as "**..fraud which is directed to the JUDICIAL MACHINERY itself,** and is not fraud between the parties or fraudulent documents false statements or perjury… It is **where the Court or Member is Corrupted or Influenced** thus where the **IMPARTIAL FUNCTIONS** of the court have been **directly Corrupted.**"

17. "The Court of Appeals for the Second Circuit appointed counsel; **vacated the dismissal and remanded the case**. The court gave a detailed discussion in *28 U.S.C. § 1915(e) (formerly 1915(d))*, which allows courts to request counsel to represent indigent litigants. The court noted that Hendricks was **very effectively stonewalled** by the New York attorney general's office when he attempted to conduct discovery to bolster his claims. In *Hodge v. Police Officers* , 802 F.2d 58 (2nd Cir. 1986) the court set forth the criteria district courts should use in determining whether to appoint counsel to indigents in civil rights cases"

18. "... the inherent drawback of the bright line rule that was instead applied by the district court here lies in its failure to recognize that in **some situations a pro se litigant may face substantial problems in the very development of the factual record that is needed for resolution of a case that poses complex issues**." Here the state of NH Fail plaintiff et al, sanctioned his defrauding by licensed defendants(lawyers, realtors, state actors/judges) effectively and wanton Denying us Equal Protection of the Law, Due Process; free fair honest impartial disinterested arbiter(here also j Sessions seem to deny us as well for connections to…

"We therefore conclude that the district court's automatic denial of Hendricks' request for appointment of ..counsel because the case had not survived a dispositive motion constituted an abuse of discretion under § 1915(d)."

19. "The court held *Hendricks* met the Hodge standard that at least some aspects of his § 1983 claim were "likely to be of substance." The court noted that prisoners have a right not to be retaliated against for exercising their constitutional rights. The court vacated the summary judgment dismissing the case because Hendricks had not

had a fair opportunity to litigate or develop his case, which was fairly complex."

20. On remand the district court was instructed to appoint counsel to represent Hendricks, conduct discovery and take the case to trial if need be. Readers should note that the standards for appointment of counsel, under 28 U.S.C. § 1915(e), to represent indigent prisoners in civil rights suits varies from circuit to circuit and should be researched accordingly. As a practical matter, it is generally advisable for pro se prisoner litigants to seek appointment of counsel in civil rights cases if they cannot hire or retain counsel on their own. *Hendricks v.Coughlin,*114 F.3d 390(**2nd Cir**. 1997)."

21. Herein are "the elements of a § 1983 claim are
(1) the action occurred "***under color of state law***" and
(2) the action resulted in the **deprivation of a constitutional right** or **federal statutory right**." Appellant/plaintiff met and satisfied said element in the heighten US Supreme Court pleading standard set "short and plain statement of the claim showing that the pleader is entitled to relief." "[D]etailed factual allegations" are not required, *Twombly*, 550 U. S., at 555, but the Rule does call for sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," Losing a home I build 22 yrs ago to fraud, conspiracy to defraud must and clearly is Sufficient yet fed j Sessions usurp Federal Law, Substantive Rights said United States Supreme Court holding in Twombly.

22. "A corollary of this **Right is that efforts by "state actors"** to **impede an individual's access to courts** or …may **provide the basis for a Constitutional claim** under 4**2 U.S.C. § 1983. Judicial access must be "adequate, effective, and meaningful,"** *Bounds v. Smith*, 430 U.S. 817, ..., 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977) Appellant here reasserts that fed j Sessions foreclose to deprive me and my children said rights when the US Constitution granted us said Rights.

23. **28 U.S.C. § 1915**

**(e)(1)**The court may request an attorney to represent any person unable to afford counsel
"**...the basis for a Constitutional claim** under 4**2 U.S.C. § 1983. Judicial Access Must be "Adequate, Effective, and Meaningful,"** *Bounds v. Smith*, 430 U.S. 817, ..., 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977)

In the evidence of 'Fraud on the Court' **"an inquiring court** [must] set aside …decisions… if those decisions are '**arbitrary capricious, abuse of discretion, or**

**otherwise not in accordance with law,"** *5 U.S.C. §706(2)(A)*, or **"unsupported by substantial** evidence in the record" id *§706(2)(E)*.
        Here J Sessions in essence excused defendants, usurped the law, its provisions for he can, did end our case, for blacks he reckon can't be allowed to seek/get justice in VT too?

24. The state of NH violated, denied and deprived appellant and his kids every step of the way Equal Protection under the law, to deem the state habitual denier-violator of the United States Guarantees to minorities, which defendants took advantage of. "The **Equal Protection Clause of the Fourteenth Amendment** of the Federal Constitution commands that **no State** shall **"deny to any person within its jurisdiction the Equal Protection of the laws**." Cleburne v. Cleburne Livg. Ctrs, Inc 473 U.S. 432 ... U.S. Supr. 3249 L.E.2d..(1985)

        25. This case that further discovery to accompany the pleading standards that plaintiff has met (again the damages suffered and we seek to recover of self and children are real, simply our home was sold by & to persons who couldn't afford it from questionable funds in a "fraudulent conveyance of assets & property" that they defendants hope for cashout upon "flipping" done under the state authority and auspices of state actor Derby) yet here fed j Sessions claim he cannot allow "that" did what amount to discounting me & my kids constitutional citizenship. He dismissed our case for & of rights provided, protected guaranteed, to favor others, curiously pre-deny any-all amended complaint???

**WHEREFORE** appellant here ask this honorable with an established Pro Bono program within to hence approve the appointment of a pro bono associate to assist appellant/ victim presenting the facts to the 2nd Circuits Appeals Court to exercise- utilize a constitutional right to recover from wilful-knowing defrauding or property done under color of authority solely for who appellant and his children are, their skin color, religion, race and origin in a majority state.

**ii.** And in the Interest of justice to waive and or suspend the associated fees to allow the case to proceed in the requisite de novo as provided as the district court failed to issue the temporary disposal assets including defendants hiding and transferring of assets. Appellant further states that the issues impacts that aspect "fraud on the court" defined by the 2nd Circuit as: defined by Appeal Circuits as fraud within & on the judicial system that directly interfere/taints/impacts/affects the judicial machinery-process of Fair Impartial, Disinterested Adjudication, the said fraud creates a false fraudulent unfair verdict of tainted evidence. J Sessions ignored all of the evident facts pointing to that.

8

**iii.** That the court grant and approve the appointment of a pro bono counsel to assist in the apt presentation of the facts and evidence in a manner that's consistent and comports with practices before the esteem court in the interest of justice and for this honorable court to grant all other relief it deems just fair and equitable.

Submitted by

Dated June 30, 2023

Baboucar Taal appellant-victim

<u>Certification of Service</u>

I here certify that copies of the filing are forwarded to the defendants at their original address of service.

Baboucar Taal appellant-victim

Baboucar Taal

# UNITED STATES DISTRICT COURT

for the

_____ DISTRICT OF _____

Baboucar Taal )
)
Plaintiff )
)
v. )
) Case No. 22-Cv-217
John Cronin etal )
)
Defendant )
)

## AFFIDAVIT ACCOMPANYING MOTION
## FOR PERMISSION TO APPEAL IN FORMA PAUPERIS

| **Affidavit in Support of Motion** | **Instructions** |
|---|---|
| I swear or affirm under penalty of perjury that, because of my poverty, I cannot prepay the docket fees of my appeal or post a bond for them. I believe I am entitled to redress. I swear or affirm under penalty of perjury under United States laws that my answers on this form are true and correct. (28 U.S.C. § 1746; 18 U.S.C. § 1621.) | Complete all questions in this application and then sign it. Do not leave any blanks: if the answer to a question is "0," "none," or "not applicable (N/A)," write that response. If you need more space to answer a question or to explain your answer, attach a separate sheet of paper identified with your name, your case's docket number, and the question number. |

Signed: Baboucar Taal        Date: 6 | 30 | 23

My issues on appeal are: Grave abuse of discretion, wanton Violation of substantive due process bord of racial-animus. Violation of federal law interest Contrary to Equal Justice under the Law. Favor to parties...

1. _For both you and your spouse estimate the average amount of money received from each of the following sources during the past 12 months. Adjust any amount that was received weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate. Use gross amounts, that is, amounts before any deductions for taxes or otherwise._

Rev. 12.1.2018

| Income source | Average monthly amount during the past 12 months | | Amount expected next month | |
|---|---|---|---|---|
| | You | Spouse | You | Spouse |
| Employment | $ 5,000 | $ N/A | $ same | $ |
| Self-employment | $ | $ | $ | $ |
| Income from real property (such as rental income) | $ 0 | $ | $ | $ |
| Interest and dividends | $ 0 | $ | $ | $ |
| Gifts | $ 5000 | $ | $ | $ |
| Alimony | $ 0 | $ | $ | $ |
| Child support | $ 0 | $ | $ | $ |
| Retirement (such as social security, pensions, annuities, insurance) | $ 0 | $ | $ | $ |
| Disability (such as social security, insurance payments) | $ 0 | $ | $ | $ |
| Unemployment payments | $ 0 | $ | $ | $ |
| Public-assistance (such as welfare) | $ 0 | $ | $ | $ |
| Other (specify): Pursuing Family Whole Lawsuit | $ 5000 | $ | $ | $ |
| Total monthly income: | $ 0 | $ | $ | $ |

2. List your employment history for the past two years, most recent employer first. (Gross monthly pay is before taxes or other deductions.)

| Employer | Address | Dates of employment | Gross monthly pay |
|---|---|---|---|
| Toald Assocltl | 59 Essex Rd Box 321 Burlington VT 05401 | March 2019 | $ 6000 /0 |
| | | | $ |
| | | | $ |

Rev. 12.1.2018

3.  *List your spouse's employment history for the past two years, most recent employer first. (Gross monthly pay is before taxes or other deductions.)*

| Employer | Address | Dates of employment | Gross monthly pay |
|---|---|---|---|
| N/A | | | S |
| | | | S |
| | | | S |

4.  *How much cash do you and your spouse have? $_____*

    *Below, state any money you or your spouse have in bank accounts or in any other financial institution.*

| Financial Institution | Type of Account | Amount you have | Amount your spouse has |
|---|---|---|---|
| Primary Bank | Checking | S −510 | S N/A |
| TD Bank | Checking | S 48 | S N/A |
| GSCU | Checking | S −70 | S N/A |

*If you are a prisoner seeking to appeal a judgment in a civil action or proceeding, you must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts. If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement of each account.*

5.  *List the assets, and their values, which you own or your spouse owns. Do not list clothing and ordinary household furnishings.*

| Home | Other real estate | Motor vehicle #1 |
|---|---|---|
| (Value) S $1.2 million | (Value) S (incl $80k Bldg maternal | (Value) S (2800) <br> Make and year: 2017 <br> Model: VW Jella <br> Registration #: NH 260373 |

Rev. 12.1.2018

| Motor vehicle #2 | Other assets | Other assets |
|---|---|---|
| (Value) S | (Value) S | (Value) S |
| Make and year: | | |
| Model: | | |
| Registration #: | | |

6. State every person, business, or organization owing you or your spouse money, and the amount owed.

| Person owing you or your spouse money | Amount owed to you | Amount owed to your spouse |
|---|---|---|
| Deloitte CH | $115,000 | $ N/A |
| Defendants | $350k – $1.2m | $ |
| | $ | $ |
| | $ | $ |

7. State the persons who rely on you or your spouse for support.

| Name [or, if under 18, initials only] | Relationship | Age |
|---|---|---|
| Family members ① M. Barro, ② Hodou ③ Ramou ④ Nieu | sons + daughter | 28 25 22 |
| Friends – Majid Khalil | Friend - ? | 19 |
| | | |

Rev. 12.1.2018

8. *Estimate the average monthly expenses of you and your family. Show separately the amounts paid by your spouse. Adjust any payments that are made weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate.*

|  | You | Your Spouse |
|---|---|---|
| Rent or home-mortgage payment (including lot rented for mobile home)<br>Are real estate taxes included? ☐ Yes ☐ No<br>Is property insurance included? ☐ Yes ☐ No | $ N/A Essence Fed of Suit | $ N/A |
| Utilities (electricity, heating fuel, water, sewer, and telephone) | $ " | $ " |
| Home maintenance (repairs and upkeep) | $ " | $ " |
| Food | $ " | $ " |
| Clothing | $ " | $ " |
| Laundry and dry-cleaning | $ " | $ " |
| Medical and dental expenses | $ N/A | $ " |
| Transportation (not including motor vehicle payments) | $ 100/mnth Gas | $ " |
| Recreation, entertainment, newspapers, magazines, etc. | $ N/A | $ " |
| Insurance (not deducted from wages or included in mortgage payments) | | |
| Homeowner's or renter's: | $ N/A | $ " |
| Life: | $ N/A | $ " |
| Health: | $ N/A | $ " |
| Motor vehicle: | $ N/A | $ " |
| Other: | $ N/A | $ " |
| Taxes (not deducted from wages or included in mortgage payments) (specify): | $ | $ " |
| Installment payments | | |
| Motor Vehicle: | $ 0 | $ " |
| Credit card (name): | $ 0 | $ " |
| Department store (name): | $ 0 | $ " |
| Other: | $ 0 | $ " |

Rev. 12.1.2018

| | | |
|---|---|---|
| Alimony, maintenance, and support paid to others | $ O | $ |
| Regular expenses for operation of business, profession, or farm (attach detailed statement) | $ O Full time hecacy of Property | $ |
| Other (specify): | $ O | $ |
| **Total monthly expenses:** | $ (5000) | $ |

9. *Do you expect any major changes to your monthly income or expenses or in your assets or liabilities during the next 12 months?*

   ☑Yes ☐No    If yes, describe on an attached sheet.

10. *Have you spent - or will you be spending - any money for expenses or attorney fees in connection with this lawsuit?* ☐Yes ☐No ? Pending Motion to Appoint Counsel at CA2

    *If yes, how much?* $

11. *Provide any other information that will help explain why you cannot pay the docket fees for your appeal.* Fees for starting of Suit at Fed district Court was paid, sessions refused, refused to order defendants to serve on plaintiff documents than claimed that I didn't respond to their

12. *State the city and state of your legal residence* motion to Dismiss?
    Burlington VT

    *Your daytime phone number:*
    603 451 0567
    *Your age:*        *Your years of schooling:*
    59                M B A.

Rev. 12.1.2018

# EXHIBIT A

STATE OF NEW HAMPSHIRE
JUDICIAL BRANCH
http://www.courts.state.nh.us

9TH Circuit-Family Division-Merrimack

In the Matter of Guylaine Taal and Baboucar Taal

Docket No. 657-2019-DM-00346

## WELTS, WHITE & FONTAINE, P.C.'S MOTION TO INTERVENE PURSUANT TO RULE 2.7

**NOW COMES** Intervenor, Welts, White & Fontaine, P.C., ("WW&F"), and moves this

Honorable Court for permission to intervene in the above-referenced matter and, in support

thereof, states as follows:

1.    WW&F formerly represented Petitioner, Guylaine Taal.

2.    Petitioner and Respondent were involved in a very contentious divorce and, as

part of this Court's final decree, their home was ordered to be sold in 2021.

3.    Although no longer representing Petitioner, WW&F continues to hold certain

funds in trust ($27,143.70) relative to the marital home sale and seeks to intervene in this matter

for the sole purpose of requesting that the Court allow it to deposit these funds with the Court for

disposition as appropriate pursuant to future court order.

4.    Family Division Rule 2.7(A) states that "Any person asserting an interest in the

proceedings may seek to intervene as a party in the action by filing a motion to intervene."

5.    This Motion is filed pursuant to that Rule.

WHEREFORE, WW&F respectfully requests this Court to:

A. Allow WW&F to intervene in this matter for the sole purpose of filing a Motion to

    Deposit the $27,143.70 into the registry of this Court and discharge WW&F from any

    future responsibility or liability for Mr. Taal's funds; and

B. Grant such other and further relief as this Court deems just and equitable.

Respectfully submitted,
WELTS, WHITE & FONTAINE, P.C.

4/11/23
Date

By: _____
Israel F. Piedra, Esq., Bar #267568
29 Factory St./P.O. Box 507
Nashua, NH 03061-0507
(603) 883-0797
ipiedra@lawyersnh.com

## CERTIFICATE OF SERVICE

I hereby certify that on this ___ day of _____, 2023, a copy of the foregoing motion was emailed and mailed to Petitioner, Guylaine Taal, 15 Congress Street, Nashua, NH 03062, and Respondent, Baboucar Taal at P.O. Box 321, Burlington, VT 05402 as well as emailed at Taalbb39@gmail.com.

_____
Israel F. Piedra

STATE OF NEW HAMPSHIRE
JUDICIAL BRANCH
http://www.courts.state.nh.us

9th Circuit – Family Division - Merrimack

In the Matter of Guylaine Taal and Baboucar Taal
Docket No.: #657-2019-DM-00346

## COMMISSIONER'S SECOND MOTION FOR INTERIM AWARD OF ATTORNEYS' FEES

NOW COMES the Commissioner, John G. Cronin, Esquire, as a member of the firm of Cronin, Bisson & Zalinsky, P.C., and moves this Honorable Court to issue an order approving attorneys' fees and costs for the Commissioner and Bankruptcy counsel. In support thereof, the Commissioner states the following:

1.      The Commissioner was appointed by the Court to dispose of the marital home.

2.      Pursuant to the commission, the Commissioner inspected the marital home, interviewed real estate professionals, communicated with Mr. Taal and Mrs. Taal and moved forward with the listing and sale of the marital home.

3.      The Commissioner negotiated a purchase and sale agreement for the sale of the marital home.

4.      The sale of the marital home closed on December 22, 2021 and the proceeds of the sale are being held in escrow by Petitioner's attorney pending court approval on the distribution of the funds. The total of the proceeds from the sale of the marital home are $305,888.75.

5.      Mr. Taal resisted the process throughout, increasing costs and complicating the Commissioner's efforts.

6.      Prior to the sale, Mr. Taal filed bankruptcy in an effort to block the sale.

1

7.    The Commissioner requested permission from the Honorable Court to engage bankruptcy counsel.

8.    The request was granted and Michael Askenaizer, a bankruptcy specialist, was engaged to represent the Commissioner in the bankruptcy proceeding.

9.    Attorney Askenaizer obtained an order, over the numerous objections of Mr. Taal, to proceed with the sale of the marital home.

10.    Despite the sale of the marital home, Mr. Taal continued to litigate through the bankruptcy appellate process.

11.    During the bankruptcy proceeding, the Bankruptcy Court ordered that the Commissioner and his counsel seek approval of their respective attorneys' fees and costs by Order of the Circuit Court.

12.    Accordingly, on or around March 7, 2022, the Commissioner requested that the Circuit Court approve fees and costs in the total amount of $35,015.20, representing $12,408.72 for the Commissioner and $22,606.48 for Attorney Askenaizer. Subsequently, these fees and costs were approved by the Court (the "First Interim Award") and paid. At that time, the Commissioner made the request that the Escrow Agent reserve $30,000.00 for future legal fees that may be incurred in connection with ongoing appeals.

13.    Subsequent to the First Interim Award, Mr. Taal has continued to attempt to frustrate the efficient resolution of his case, both by appealing the dismissal of the bankruptcy case that Mr. Taal filed in an attempt to defeat and/or delay the Court ordered sale of the marital home, and, subsequent to the sale of the marital home, by filing a complaint for "conspiracy to defraud" and "violation of federal rights" in the United States District Court for Vermont, claiming legal standing and jurisdiction in Vermont, which case is ongoing. The Commissioner has filed a

2

Motion to Dismiss, and awaits the decision of the Court. For the details of Mr. Taal's multiple appeals of the dismissal of his bankruptcy case, please incorporate by reference, Attorney Askenaizer's Affidavit in Support of Second Request for Interim Allowance and Payment of Fees and Reimbursement of Costs, attached herein.

14.     Accordingly, in the interim, the Commissioner requests that the Circuit Court find the following fees are reasonable and order payment for $20,134.61 from the escrow account representing:

| | |
|---|---|
| Attorney Cronin | $4,085.92 |
| Attorney Askenaizer | $16,048.69 |

15.     Affidavits of counsel supporting the fee requests are attached hereto and incorporated herein by reference.

WHEREFORE, Petitioner respectfully requests that this Court:

A.     Grant Commissioner's Second Motion for Interim Award of Attorneys' Fees and the relief requested therein;

B.     Order the Escrow Agent to make payment in the sums requested to Attorney Cronin and Attorney Askenaizer for services rendered; and,

C.     Order such other relief as may be fair and just.

3

Respectfully submitted,

By the Commissioner

Date: February 10, 2023

John G. Cronin, Esq. NH BAR ID #6818
Cronin, Bisson & Zalinsky, P.C.
722 Chestnut Street
Manchester, NH 03104
(603) 624-4333
jcronin@cbzlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that s copy of the foregoing was sent this ___ day of February 2023 to all counsel of record and Respondent, Baboucar Taal, *pro se*, via email and to PO Box 321, Burlington, Vermont, Mr. Taal's last known address. Respondent no longer resides at the address of record.

John G. Cronin, Esq

4

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

CAPTION:

Baboucar Taal

**CERTIFICATE OF SERVICE***

**Docket Number:** 23-1012

v.

John Gronin et al

I, _____, hereby certify under penalty of perjury that
 (print name)
on __July 27, 2023__, I served a copy of __the foregoing__
 (date)
Appellant's Notice of Appls, FRD80, 28 USC §1915(e) Motion-
 (list all documents) FRAP 24(a)

by (select all applicable)**

___ Personal Delivery        ✓ United States Mail        ___ Federal Express or other
                                                              Overnight Courier

___ Commercial Carrier        ✓ E-Mail (on consent) ECF notification

on the following parties:

| Name | Address | City | State | Zip Code |
|------|---------|------|-------|----------|
| Danette Labreque | 59 Essex Rd | Bedford | NH | 03110 |
| Nathan Labreque | 59 Essex Rd | Bedford | NH | 03110 |
| Name | Address | City | State | Zip Code |
| Name | Address | City | State | Zip Code |

*A party must serve a copy of each paper on the other parties, or their counsel, to the appeal or
proceeding. The Court will reject papers for filing if a certificate of service is not simultaneously
filed.

**If different methods of service have been used on different parties, please complete a separate
certificate of service for each party.

July 27, 2023
Today's Date

Baboucar Taal
Signature

Certificate of Service Form (Last Revised 12/2015)